IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARDS, # 180972, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv690-WKW |
| ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Charles Edwards ("Edwards") on September 8, 2015.[2] Edwards challenges his 1997 guilty plea convictions for second-degree assault, third-degree robbery, and third-degree burglary and his resulting sentences of 20 years' imprisonment for each conviction. He claims that the trial court lacked jurisdiction to accept his guilty pleas because the indictments were amended without his consent and that his due process rights were violated by the omission of copies of the

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court in this action. Page references are to those assigned by CM/ECF.

[2] Although the petition was stamped as received in this court on September 21, 2015, it was signed by Edwards on September 8, 2015. Doc. No. 1 at 18. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Edwards] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

indictments and transcripts of his guilty plea colloquy and sentencing hearing from the record on appeal from the denial of his third state petition for post-conviction relief, which he filed in August 2014. The respondents argue that Edwards's instant petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. *See* Doc. Nos. 7 & 9. The court agrees and finds that the petition should be denied without an evidentiary hearing.

## II. DISCUSSION

*AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*Relevant State Court Proceedings*

On August 12, 1997, in the Circuit Court of Montgomery County, Edwards pleaded guilty to second-degree assault, third-degree robbery, and third-degree burglary. *See* Doc. No. 7-4 at 27–33. On August 21, 1997, the trial court sentenced Edwards as a habitual felony offender to 20 years in prison for each conviction. Doc. No. 7-5 at 30–34. Edwards took no direct appeal.

Edwards pursued no other legal remedies in state court until April 21, 2011, when he filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 9-2 at 6–21. In the petition, he argued that his sentence was unlawful because the State failed to properly invoke the habitual felony offender statute before sentencing. *Id.* On June 8, 2011, the trial court denied Edwards's Rule 32 petition. Doc. No. 9-4. Edwards's appeal from the trial court's judgment was dismissed by the Alabama Court of Criminal Appeals on May 19, 2014, as untimely filed.[3] Doc. No. 9-6.

In February 2014, Edwards filed a second Rule 32 petition, arguing that his convictions violated his right to protection from double jeopardy. Doc. No. 9-8. The trial

---

[3]Edwards did not submit his notice of appeal from the trial court's June 2011 denial of his Rule 32 petition until April 2014. *See* Doc. No. 9-5.

3

court denied the petition on March 28, 2014. Doc. No. 9-10. Edwards sought to appeal the trial court's judgment by filing a petition for writ of mandamus in the Alabama Court of Criminal Appeals in June 2014. Doc. No. 9-11. The Alabama Court of Criminal Appeals denied the petition for mandamus on August 27, 2014. Doc. No. 9-12.

Edwards filed a third Rule 32 petition on August 4, 2014, arguing that the trial court lacked jurisdiction to accept his guilty pleas in 1997 because, he said, the indictments were amended without his consent. Doc. No. 7-4 at 14–24. The trial court denied the Rule 32 petition on November 6, 2014. *Id*. at 74–78. Edwards appealed, and on May 15, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Doc. No. 7-7. Edwards applied for rehearing, which was overruled. Doc. No. 7-8. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 7, 2015, issuing a certificate of judgment on the same date. Doc. Nos. 7-10 & 7-11.

*Application of 28 U.S.C. § 2244(d)*

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Because Edwards took no direct appeal, his conviction became final for purposes of federal habeas review on October 2, 1997—i.e., 42 days after his August 21, 1997 sentencing—as this was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1) (criminal defendant has 42 days from sentencing to file notice of appeal); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). The one-year period

4

for Edwards to file a § 2254 petition thus commenced on October 2, 1997. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, Edwards had until October 2, 1998, to file his § 2254 petition.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *McCloud*, 560 F.3d at 1227. Although Edwards filed three Rule 32 petitions in state court (the first in April 2011), none operated to toll the AEDPA's limitation period under § 2244(d)(2), as all were filed well after October 2, 1998, the date on which the one-year limitation period expired after running unabated from October 2, 1997. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitation period under § 2244(d)(2) if that period expired prior to filing the Rule 32 petition).[4]

*Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Sec'y Dep't of Corrs.*, 161 F. App'x 902, 903 (11th Cir. 2006). A petitioner is entitled to equitable tolling

---

[4]The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Edwards by affording a different triggering date such that the AEDPA's limitation period commenced on some date later than October 2, 1997, or expired on some date later than October 2, 1998. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

"only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Edwards seems to maintain he is entitled to equitable tolling—and that the filing of his § 2254 petition well beyond the AEDPA's limitation period should be excused—because, on appeal from the November 2014 denial of his third Rule 32 petition, the clerk of the state trial court denied his requests for copies of the indictments and transcripts of his guilty plea colloquy and sentencing hearing, which Edwards evidently wished to have included in the record on appeal from the denial of his third Rule 32 petition. *See* Doc. No. 1 at 15–17. The matters Edwards points to as support for his assertion that he sought the documents in question from the trial court clerk do not even establish that he sought records from his convictions and sentence. Instead, they suggest that Edwards sought a court reporter's transcript from proceedings on his third Rule 32 petition, and was informed by the trial court clerk that there was no reporter's transcript from those proceedings. *See* Doc. No. 1-1. In any event, Edwards cannot demonstrate how the omission of records from his 1997 guilty plea convictions from his 2014 appeal from the denial of his third Rule 32 petition was in any way an impediment to his filing of a § 2254 petition within the AEDPA's limitation period, which in Edwards's case expired over 15 years before he even filed his third Rule 32 petition. Edwards demonstrates neither the extraordinary circumstances nor the due diligence on his part required for equitable tolling.

Under the circumstances of this case, the one-year limitation period in 28 U.S.C. § 2244(d) expired on October 2, 1998. Edwards file the instant § 2254 petition on September 8, 2015, almost 17 years after expiration of the federal limitation period. Edwards has failed to demonstrate that his § 2254 petition should not be dismissed as untimely filed.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before May 23, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

7

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of May 2017.

      /s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE